IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TRAVONTEA MCCRAY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | |
| | : | Case No: 5:22-cv-00094-TES-CHW |
| **CERT Officer WHITE,** *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| **Defendants.** | : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER

*Pro se* Plaintiff Travontea McCray, an inmate at Macon State Prison, filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Following screening, Plaintiff's Eighth Amendment excessive forms claims against Defendant Jaylen White were permitted to proceed for further factual development. (Docs. 8, 11). On March 1, 2023, Defendant White was personally served by a deputy U.S. Marshal. (Doc. 20). When Defendant White did not timely respond to Plaintiff's complaint, the Clerk of Court was directed to enter default against him. (Doc. 24). Plaintiff then filed a motion for default judgment. (Doc. 26). After the Court set a hearing on Plaintiff's motion for default judgment (Doc. 27), Defendant White filed a motion to set aside the default. (Doc. 30). Following a hearing at which the Court heard evidence and considered Defendant White's motion to set aside the default, the Court finds that granting the motion is appropriate.

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

1

Rule 55(c) of the Federal Rules of Civil Procedure provides that courts may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996).

Defendant White testified that he recalled being served with the summons and complaint in this case, but explained that he believed the paperwork to be related to other pending cases[1] in which he is named as a defendant and represented by counsel. Although he was working at Macon State Prison (MSP) when the incident underlying this case allegedly occurred and he is once again employed at MSP, he was not employed by the Georgia Department Corrections when he was served in March 2023. Because he had requested representation for those cases and had been in touch with counsel, he did not realize that this case was a separate case and that he was in default until his current attorney contacted him. Since that time, he has worked with his attorney to defend this matter.

Defendant has potentially meritorious defenses to present, and there is no indication that any prejudice will ensue from requiring the parties to litigate the merits of their respective positions through the ordinary course of litigation. The record shows Defendant's failure to respond was not due to intentional conduct but to oversight and confusion. As explained at the hearing, default judgments are disfavored, and Defendant

---

[1] *Wymbs v. Smith*, 5:22-cv-220-MTT-CHW, and *Nelson v. White*, 5:23-cv-108-MTT-MSH.

White has satisfied the standard of "good cause." Accordingly, his motion to set aside default (Doc. 30) is hereby **GRANTED**. The Court accepts his answer (Doc. 32) filed after the hearing as a timely responsive pleading to Plaintiff's complaint. For the reasons discussed at the hearing, Defendant White is **ORDERED** to pay $317.61, which reflects the cost of personal service, within 21 days of this order.

### Discovery and Dispositive Motions Timeline

Discovery (including depositions and the service of written discovery requests) shall be completed within 90 days from Monday, December 18, 2023, unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendant and granted by the Court. The parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the discovery period, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to

each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceeds these limitations.

Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period began.

**SO ORDERED**, this 14th day of December, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge