**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TRAVONTEA MCCRAY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:22-cv-00094 (TES) (CHW)** |
| | : | |
| **CERT Officer WHITE, *et al.*,** | : | **Proceedings Under 28 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

# ORDER

Defendant White has filed an Amended Motion to Compel Discovery and Re-Open Discovery (Doc. 39), and Plaintiff Travontea McCray has filed a Motion to Appoint Counsel (Doc. 40). For the following reasons, Plaintiff is **ORDERED to respond** to Defendant's Amended Motion to Compel Discovery and Re-Open Discovery (Doc. 39), and Plaintiff's Motion to Appoint Counsel (Doc. 40) is **DENIED.**

*Amended Motion to Compel Discovery and Re-Open Discovery*

Defendant White has filed an Amended Motion to Compel Discovery and Re-Open Discovery, contending that Plaintiff has refused to provide discovery or otherwise respond appropriately to Defendants' requests for production. (Doc. 39). Plaintiff has not responded to the motion. Because Plaintiff is proceeding *pro se*, the Court deems it appropriate and necessary to advise Plaintiff that this motion requires response. Under the procedures and policies of this Court, motions generally are decided on the briefs. That is, the Court considers the written pleadings filed by the parties in deciding whether a dismissal is appropriate under the law. The failure of Plaintiff to respond, in writing, to the Amended Motion to Compel Discovery and Re-Open Discovery may result in the granting of that motion without a hearing or any further

proceedings. Unless the Court has granted prior permission, any response brief submitted by Plaintiff should not exceed 20 pages. M. D. Ga. Civ. R. 7.4.

Therefore, Plaintiff is advised:

(1) that an Amended Motion to Compel Discovery and Re-Open Discovery (Doc. 39) has been filed by Defendant;

(2) that Plaintiff has the right to oppose the granting of the motion with a response brief;

(3) that if Plaintiff fails to oppose the motion, the Defendant's motion may be granted as unopposed.

Accordingly, Plaintiff is hereby **ORDERED** to file a written response to Defendant's Amended Motion to Compel Discovery and Re-Open Discovery ON OR BEFORE APRIL 23, 2024. Thereafter, the Court will consider the motion and any opposition to it filed by Plaintiff.

*Motion to Appoint Counsel*

Plaintiff moves for appointment of counsel, arguing that he has limited knowledge of the law and counsel would better enable him to present evidence in this case. (Doc. 40). For the reasons explained below, Plaintiff's motion (Doc. 40) is **DENIED.**

"Appointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointed counsel is also denied. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

Accordingly, Plaintiff's motion (Doc. 19) is **DENIED.**

**CONCLUSION**

For the reasons explained above, Plaintiff is **ORDERED to respond** to Defendant's Amended Motion to Compel Discovery and Re-Open Discovery (Doc. 39) **no later than April 23, 2024,** and Plaintiff's Motion for Appointment of Counsel (Doc. 40) is **DENIED.**

**SO ORDERED**, this 9th day of April, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge